UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CR-105-1D

No. 7:17-CR-105-3D

No. 7:17-CR-105-5D

No. 7:17-CR-105-6D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **SECOND SUPERSEDING INDICTMENT** |
| RUFUS LAMAR PARKER ) | |
|     a/k/a "Rudy Parker" ) | |
| JAMES FLOWERS ) | |
|     a/k/a "Jamaal Greene" ) | |
|     a/k/a "Chapo" ) | |
|     a/k/a "Slick" ) | |
| VICTOR EUGENE DORM ) | |
|     a/k/a "VI" ) | |
| JOSEPH ANTHONY VAUGHT ) | |
|     a/k/a "Gotti" | |

The Grand Jury charges that:

### COUNT ONE

Beginning at a date unknown, but no later than December 2016, and continuing up to on or about August 29, 2017, in the Eastern District of North Carolina, and elsewhere, RUFUS LAMAR PARKER, also known as "Rudy Parker," JAMES FLOWERS, also known as "Jamaal Greene," and as "Chapo," and as "Slick," and VICTOR EUGENE DORM, also known as "VI," defendants herein, did knowingly and intentionally combine, conspire, confederate, agree, and have a tacit understanding with each other and other persons, known and

unknown to the Grand Jury, to knowingly and intentionally manufacture, distribute, and possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine and cocaine base (crack), each a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**Quantity of Controlled Substances Involved in the Conspiracy**

With respect to RUFUS LAMAR PARKER, defendant herein, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is twenty-eight (28) grams or more of a mixture and substance containing a detectable amount of cocaine base (crack) and (500) grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to JAMES FLOWERS, defendant herein, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is twenty-eight (28) grams or more of a mixture and substance containing a detectable amount of cocaine base (crack) and a quantity of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to VICTOR EUGENE DORM, defendant herein, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is twenty-eight (28) grams or more of a mixture and substance containing a detectable amount of cocaine base (crack) and a quantity of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about December 14, 2016, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

On or about December 19, 2016, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess,

in and affecting commerce, a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT FOUR

On or about January 4, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a quantity of heroin, a Schedule I controlled substance, and a quantity of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

On or about January 5, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX

On or about January 5, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, did knowingly use and carry a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, as alleged in Count Five of this Second

Superseding Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT SEVEN

On or about January 5, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess, in and affecting commerce, a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT EIGHT

On or about January 10, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT NINE

On or about January 17, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess, in and affecting commerce, a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT TEN

On or about January 25, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a quantity of heroin, a Schedule I controlled substance, and a quantity of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT ELEVEN

On or about March 9, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a quantity of heroin, a Schedule I controlled substance, and a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWELVE

On or about March 15, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THIRTEEN

On or about March 23, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess, in and affecting commerce, a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT FOURTEEN

On or about March 31, 2017, in the Eastern District of North Carolina, RUFUS LAMAR PARKER, also known as "RUDY PARKER," defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIFTEEN

On or about April 4, 2017, in the Eastern District of North Carolina, RUFUS LAMAR PARKER, also known as "RUDY PARKER," defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIXTEEN

On or about April 6, 2017, in the Eastern District of North Carolina, RUFUS LAMAR PARKER, also known as "RUDY PARKER," defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVENTEEN

On or about April 12, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT EIGHTEEN

On or about April 12, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, did knowingly use and carry a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, as alleged in Count Seventeen of this Second Superseding Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT NINTEEN

On or about April 12, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess, in and affecting commerce, a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT TWENTY

On or about April 13, 2017, in the Eastern District of North Carolina, RUFUS LAMAR PARKER, also known as "RUDY PARKER," defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY-ONE

On or about April 20, 2017, in the Eastern District of North Carolina, RUFUS LAMAR PARKER, also known as "RUDY PARKER," defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY-TWO

On or about April 26, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT TWENTY-THREE

On or about May 2, 2017, in the Eastern District of North Carolina, RUFUS LAMAR PARKER, also known as "RUDY PARKER," defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY-FOUR

On or about June 4, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," and JAMES FLOWERS, also known as "Jamaal Greene," and as "Chapo," and as "Slick," defendants herein, aiding and abetting each other, did knowingly and intentionally manufacture, distribute, and possess with intent to distribute twenty-eight (28) grams or more of a mixture and substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of

Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### COUNT TWENTY-FIVE

On or about June 4, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," and JAMES FLOWERS, also known as "Jamaal Greene," and as "Chapo," and as "Slick," defendants herein, aiding and abetting each other, did knowingly use and carry a firearm during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, as alleged in Count Twenty-Four of this Second Superseding Indictment, and did possess the firearm in furtherance of said crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

### COUNT TWENTY-SIX

On or about July 10, 2017, in the Eastern District of North Carolina, VICTOR EUGENE DORM, also known as "VI," defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess, in and affecting commerce, a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

### COUNT TWENTY-SEVEN

On or about July 11, 2017, in the Eastern District of North Carolina, JOSEPH ANTHONY VAUGHT, also known as "Gotti," defendant

11
Case 7:17-cr-00105-D   Document 156   Filed 04/24/18   Page 11 of 17

herein, did knowingly and intentionally distribute and possess with intent to distribute a quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWENTY-EIGHT

Beginning in June 2017, and continuing through on or about August 29, 2017, in the Eastern District of North Carolina, and elsewhere, VICTOR EUGENE DORM, also known as "VI," and JOSEPH ANTHONY VAUGHT, also known as "Gotti," defendants herein, did knowingly and intentionally combine, conspire, confederate, agree, and have a tacit understanding with each other and other persons, known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## Quantity of Controlled Substances Involved in the Conspiracy

With respect to VICTOR EUGENE DORM, defendant herein, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to JOSEPH ANTHONY VAUGHT, defendant herein, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWENTY-NINE

On or about August 29, 2017, in the Eastern District of North Carolina, the defendant, JOSEPH ANTHONY VAUGHT, also known as "Gotti," knowingly used and carried a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, as charged in Count Twenty-Eight of this Second Superseding Indictment, and possessed the firearm in furtherance of said crime.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT THIRTY

On or about August 29, 2017, in the Eastern District of North Carolina, the defendant, JOSEPH ANTHONY VAUGHT, also known as "Gotti," did unlawfully attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code,

13
Case 7:17-cr-00105-D Document 156 Filed 04/24/18 Page 13 of 17

Section 1951(b)(3), and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), that is, the unlawfully taking and obtaining of personal property from the person and in the presence of another, against that person's will, by means of actual and threatened force, violence, and fear of injury, and did aid and abet others in so doing.

All in violation of Title 18, United States Code, Sections 1951 and 2.

### COUNT THIRTY-ONE

On or about August 29, 2017, in the Eastern District of North Carolina, the defendant, JOSEPH ANTHONY VAUGHT, also known as "Gotti," having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

[Remainder of page intentionally left blank]

## ALLEGATION OF PRIOR CONVICTIONS

For purposes of Title 21, United States Code, Sections 841(b) and 851, RUFUS LAMAR PARKER, also known as "Rudy Parker," defendant herein, committed each of the violations alleged in this Second Superseding Indictment after one (1) or more separate prior convictions for a felony drug offense, as defined in Title 21, United States Code, Section 802(44), had become final.

For purposes of Title 21, United States Code, Sections 841(b) and 851, VICTOR EUGENE DORM, also known as "VI," defendant herein, committed each of the violations alleged in this Second Superseding Indictment after one (1) or more separate prior convictions for a felony drug offense, as defined in Title 21, United States Code, Section 802(44), had become final.

For purposes of Title 21, United States Code, Sections 841(b) and 851, JOSEPH ANTHONY VAUGHT, also known as "Gotti," defendant herein, committed each of the violations alleged in this Second Superseding Indictment after one (1) or more separate prior convictions for a felony drug offense, as defined in Title 21, United States Code, Section 802(44), had become final.

## FORFEITURE NOTICE

The defendants are given notice that pursuant to the provisions of Title 21, United States Code, Section 853, that all of his interest in all property specified herein is subject to forfeiture.

As a result of the foregoing offenses in Counts One through Thirty-One of the Second Superseding Indictment, the defendants shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the said offenses and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the offenses alleged in the Second Superseding Indictment, or any property traceable to such property, including, without limitation: (i) $7,000 seized on June 22, 2017, from the sister of SYLVESTER LORENZO HOOPER, JR.; (ii) $31,020 seized during the search of 5219 Penny Lane, Apartment 14, Wilmington, North Carolina, on August 29, 2017; and (iii) $2,554 seized from RUFUS LAMAR PARKER at the time of this arrest on August 29, 2017.

If any of the above-described forfeitable property, as a result of any act or omission a defendant,

    (1)   cannot be located upon the exercise of due diligence;

    (2)   has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL

REDACTED VERSION
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: 4-24-18

ROBERT J. HIGDON, JR.
United States Attorney

BY: *[signature]*
JAKE D. PUGH
Assistant U.S. Attorney
Criminal Division

17