UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4374

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH A. VAUGHT | Motion by the United States to Remand for Resentencing |

    The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby moves the Court to vacate Defendant's judgment and remand his case for a resentencing consistent with <u>United States v. Rogers</u>, 961 F.3d 291 (4th Cir. 2020), and <u>United States v. Singletary</u>, No. 19-4381, 2021 WL 97218 (4th Cir. Jan. 12, 2021). Defendant does not oppose this motion. In support thereof, we show unto the Court the following:

    1.    On July 9, 2018, Defendant pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count One); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two). (D.E.[1] 288; D.E. 332 at 1; D.E. 351).

    2.    The court sentenced Defendant to 90 months' imprisonment on Count One to be followed by 60 months' imprisonment, consecutive, on Count

---

[1] We will refer to documents in the underlying district court case, no. 7:17-cr-105 (E.D.N.C.), by docket entry number (D.E.) and pages where appropriate.

Two, for a total term of 150 months' imprisonment. (D.E. 352 at 13). The court imposed concurrent five-year terms of supervised release on each count. (D.E. 352 at 13). In its written judgment, the court included discretionary conditions of supervised release that were not mentioned during the hearing. (D.E. 352 at 13–14; D.E. 340 at 5).

      3.     In his supplemental opening brief, Defendant relies on this Court's decision in <u>United States v. Rogers</u>, 961 F.3d 291 (4th Cir. 2020), and argues that the district court committed reversible error by failing to announce certain conditions of supervised release during his sentencing hearing. (4th Cir. Doc. No. 35). More recently in <u>United States v. Singletary</u>, this Court held:

> We agree with Singletary that his <u>Rogers</u> claim – that he in fact never was sentenced to the financial conditions in his judgment – is not barred by his appeal waiver, which applies only to challenges to a sentence actually imposed on a defendant. And as the government concedes, there has been a <u>Rogers</u> error in this case. By itself, that error requires that we vacate Singletary's sentence and remand for the district court to conduct the sentencing anew. Given that disposition, we need not and should not proceed further to reach Singletary's additional arguments about his prior sentencing or the validity of a financial condition to which he never was sentenced.

No. 19-4381, 2021 WL 97218, at *3 (4th Cir. Jan. 12, 2021).

      4.     Because the district court did not announce all of the discretionary conditions of Defendant's supervised release that appear in the written judgment (D.E. 352 at 13–14; D.E. 340 at 5), the government believes that the district court

should be given an opportunity to resentence Defendant in light of <u>Rogers</u> and <u>Singletary</u>.

5.　　A remand for resentencing will give the court an opportunity to reconsider and address the sentencing arguments made by counsel and provide an explanation of its sentence, including as to any discretionary conditions of supervised release the court chooses to impose. Moreover, by having Defendant challenge any discrete terms of supervision in the district court in the first instance, the district court will have the opportunity to make any adjustments it deems appropriate, and this Court will have a more fully developed record when addressing these issues in Defendant's next appeal.

6.　　In the interest of justice and efficiency, the United States recommends that this case be remanded to the district court for a resentencing.

7.　　Defendant does not oppose this request.

WHEREFORE, the United States respectfully request that Defendant's judgment be vacated and this case be remanded to the district court for resentencing.

Respectfully submitted this 2nd day of February, 2021.

                                  ROBERT J. HIGDON, JR.
                                  *United States Attorney*

                                  */s/ Kristine L. Fritz*
                                  KRISTINE L. FRITZ
                                  *Assistant United States Attorney*
                                  150 Fayetteville Street, Suite 2100
                                  Raleigh, North Carolina 27601
                                  Telephone: (919) 856-4530

## CERTIFICATE OF COMPLIANCE

1. Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I hereby certify that this document meets the type-volume limits of Rules 27(d), 35(b)(2), and/or 40(b) because, exclusive of the portions of the document exempted by Rule 32(f), this document contains 627 words.

   (Filings are not to exceed 5,200 words for a motion or response and 2,600 words for a reply, pursuant to Rule 27(d), or 3,900 words for a petition for panel rehearing or rehearing en banc, pursuant to Rules 35(b)(2) and/or 40(b)).

2. Further, this document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in Microsoft Word 2016 using fourteen-point Calisto MT typeface.

*/s/ Kristine L. Fritz*
KRISTINE L. FRITZ
*Assistant United States Attorney*