**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4342

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JOSEPH ANTHONY VAUGHT,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:17-cr-00105-D-6)

Submitted:  March 30, 2022                              Decided:  April 14, 2022

Before WILKINSON, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Amos G. Tyndall, Thomas K. Maher, AMOS TYNDALL PLLC, Carrboro, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Anthony Vaught pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine (Count 1), in violation of 21 U.S.C. §§ 841(b)(1)(B), 846, and possession of a firearm in furtherance of a drug trafficking crime (Count 2), in violation of 18 U.S.C. § 924(c)(1)(A)(i).  On remand,[*] the district court conducted a resentencing hearing and imposed a total of sentence of 150 months' imprisonment, comprising a within-Guidelines-range sentence of 90 months' imprisonment on Count 1 and 60 months' imprisonment—the statutory minimum—on Count 2, to run consecutively.  The court also orally pronounced, directly and through incorporation, each discretionary condition of supervised release to which Vaught would be subjected.

Vaught's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court sufficiently announced the special conditions of supervised release imposed.  Although Vaught requested, and was granted, an extension of time to file a supplemental pro se brief, he has not done so.  The Government moves to dismiss the appeal as barred by the appellate waiver included in Vaught's plea agreement.  We affirm in part and dismiss in part.

---

[*] On the Government's unopposed motion, we remanded Vaught's prior appeal, No. 19-4374, for resentencing in light of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021).

2

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "Generally . . . , if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Our review of the record confirms that Vaught knowingly and voluntarily waived his right to appeal and that the magistrate judge properly found that his plea was supported by an adequate factual basis. We therefore conclude that the waiver is valid.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of Vaught's plea waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope. We deny the motion in part and affirm the remainder of the judgment. This court requires that counsel inform Vaught, in writing, of the right to petition the Supreme Court of the United States for further review. If Vaught requests that a petition be filed, but counsel believes that such a petition would be frivolous,

then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vaught.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*<br>*DISMISSED IN PART*